Hillsborough, } No. 3284.
Dec. 2, 1941. }

DONAT DEMERS

*v.*

EDMUND C. BECKER, *doing business as*

MANCHESTER YARN MILLS.

520

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

BRANCH, J. The first argument of the defendant in support of his exception to the denial of a nonsuit is that the cause of the plaintiff's injury is conjectural. "The jury had to guess whether the accident was caused because of the instructions which the plaintiff claimed to have received, or, because he was negligent in putting his hands into the gears." This position is not open to the defendant in view of P. L., *c.* 328, *s.* 13, which imposes on the defendant the burden of proving contributory negligence. If the plaintiff was negligent, the defendant was bound to prove it. In the absence of evidence, the mere possibility, which exists in every case, that the

plaintiff may have been guilty of negligence, cannot be made the basis of a ruling against him.

The second position of the defendant is that the plaintiff assumed the risk of being hurt in the manner indicated and he relies upon the plaintiff's admission, repeated in varying forms, to this effect: "Yes, I knew if my hand got caught in the gears I would get hurt." It is well settled law that a master is bound to see that the instrumentalities which he furnishes are properly used. He is "no less responsible to his workmen for personal injuries occasioned by a defective system of using machinery than for injuries caused by a defect in the machinery itself." 3 Labatt, Master & Servant, s. 1110, quoting *Smith* v. *Baker* [1891] A. C. 325, 363; *McLaine* v. *Company*, 71 N. H. 294; *Sirois* v. *Henry*, 73 N. H. 148; *Disalets* v. *Company*, 74 N. H. 440; *Graham* v. *Weber*, 79 N. H. 393; and "if there is any evidence which tends to show that the system of work adopted by the defendant was an improper one, it is error to dismiss the action." Labatt, Master & Servant, *supra*. In such a situation the principle of assumption of risk is not usually available as a defence, and it cannot be invoked here. "The fact that the plaintiff knew that if he allowed his hand to be drawn in between the rolls he would suffer injury is not important. The gist of the plaintiff's case is that he did not know and appreciate the peculiar and extra hazard of doing the work in the way he did it." *Disalets* v. *Company*, *supra*, 443.

The order of the Presiding Justice reducing the amount of the verdict to $3000 appears to be proper. Plaintiff's hospital bills and lost wages amounted to $359.13. This indicates that the jury must have allowed $4,640.87 for pain and suffering and permanent injury. The plaintiff testified that he was earning at the time of his injury $14.28 per week but that upon July 10, 1939, three months and ten days after the accident, he went to work in his present position at a wage of $16.95 per week and that since that time his wages have been increased to $21.40 per week. Under these circumstances it is evident that there could be no allowance for permanent loss of earning capacity. With this element out of the case, an allowance of $4,640.87 for pain and suffering was clearly excessive.

*Exceptions of both parties overruled.*

ALLEN, C. J., was absent; BURQUE, J., did not sit: the others concurred.