Hillsborough,
No. 4474.

WILLIAM J. BISSONNETTE & a. v. RALPH H. CORMIER & a.

Argued April 4, 1956.

Decided April 27, 1956.

*Craig & Craig (Mr. William H. Craig, Jr.* orally), for the plaintiff.

*Devine & Millimet (Mr. Millimet* orally), for the defendant Messier.

KENISON, C. J. The Court instructed the jury that there was no evidence that the defendant did not stop at the stop sign. The only direct testimony in the record was that the defendant did stop at the stop sign. The plaintiff claims that there is other evidence from which it could be found that he did not stop because the defendant's truck was "in third speed" and because of the plaintiff's testimony that "there is nothing in the road one second and the next second this guy is right in front of the road." See *Abbott* v.

*Hayes,* 92 N. H. 126, 128. No evidence was introduced to explain the significance of third speed in the defendant's truck and neither that fact nor the plaintiff's testimony warranted a finding that no stop was made at the stop sign. It is entirely consistent with the evidence viewing it most favorably to the plaintiff (*French* v. *York,* 99 N. H. 90) that the negligence of the defendant occurred, if at all, after the stop was made at the stop sign. This matter was adequately taken care of by the Court in its instructions. While the jury were entitled to disbelieve the defendant's testimony even though it was uncontradicted, the disbelief was not affirmative proof in favor of the plaintiff. *Clairmont* v. *Cilley,* 85 N. H. 1, 7. "Disbelief in testimony concerning particular facts does not convert that testimony into affirmative proof of contrary facts." *Coleman* v. *Stacy,* 91 N. H. 60, 62. *Stuart* v. *Kelley & Son,* 331 Mass. 76. The plaintiff produced no evidence that the defendant failed to stop at the stop sign and the Court's instruction was therefore proper.

The Court instructed the jury that they were to decide if the defendant was negligent in the manner in which he operated his truck at the intersection after stopping at the stop sign. This did not eliminate the stop sign as a circumstance for the jury to consider. The jury was still called upon to determine whether the defendant was negligent after he had left the stop sign. *Legere* v. *Buinicky,* 93 N. H. 71. It was agreed at pre-trial that the stop sign was legally erected but there was no agreement that there was any ordinance or regulation in the city of Manchester which governed the conduct of the parties at the stop sign. See *Beaule* v. *Weeks,* 95 N. H. 453, 456. In the absence of any evidence of an ordinance or regulation (*Walsh* v. *Public Service Co.,* 92 N. H. 331; *State* v. *Duranleau,* 99 N. H. 30) controlling the manner of stopping at the stop sign and conduct after the stop sign had been observed, the defendant's conduct was governed by the standard of reasonable care and the intersection statute. RSA 250:3; *Legere* v. *Buinicky,* 93 N. H. 71; *Gendron* v. *Glidden,* 84 N. H. 162. The Court was not obliged to lay down a mathematical formula to determine where the defendant was required to stop as he approached the west edge of the Goffs Falls Road. *French* v. *York, supra.*

*Judgment on the verdicts.*

All concurred.