Hillsborough
No. 88-066

### Marcel H. Lapierre

v.

### David Sawyer

May 3, 1989

610

*Bossie, Kelly & Hodes P.A.*, of Manchester (*Laurence E. Kelly* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Dennis T. Ducharme* on the brief and orally), for the defendant.

BATCHELDER, J.   The plaintiff in this case suffered a debilitating eye injury when, during a racquetball doubles match, he was struck by a ball hit by the defendant. Marcel H. Lapierre, the plaintiff, subsequently sued David Sawyer, the defendant, in a negligence action to recover damages for his injury. Following a trial in the Superior Court (*Mangones*, J.), the jury returned a verdict for the defendant. The plaintiff now appeals certain of the trial court's evidentiary rulings. We affirm those rulings.

The plaintiff's theory of liability at trial was that the defendant, because of his temper, negligently struck a ball that was no longer in play (a "dead ball"), causing it to strike his eye. Prior to trial, the defendant moved *in limine* to bar the introduction of evidence concerning his tendency to lose his temper in previous racquetball games when he would either begin to lose a game or lose a significant point. The defendant argued that such evidence constituted general character evidence which is inadmissible under New Hampshire Rules of Evidence 404(a) and (b). In response, the plaintiff contended that evidence of the defendant's prior conduct was admissible under Rule 406, as evidence of "habit." Specifically,

the plaintiff stated that he had evidence that the defendant had lost his temper in two or three previous games, and that this "habit" led to the eye injury when the plaintiff and defendant were playing racquetball. The trial court granted the defendant's motion on the ground that the plaintiff's evidence "[d]id not quite meet the criteria of Rule 406."

■ Rule 406 permits the introduction of evidence of a person's habit to prove that the person acted in conformity with that habit on a particular occasion. The rule does not define habit. Generally, however, habit is a "regular response to a repeated specific situation," Reporter's Notes to N.H. R. Ev. 406, a response which may become semi-automatic. *See* 2 WEINSTEIN & BERGER, WEINSTEIN'S EVIDENCE ¶ 406[01], at 406–07 (1988). The admissibility of habit evidence depends on the facts of each case. *Id.* at 406–08.

■ We agree with the trial court's ruling that the plaintiff's evidence failed to satisfy the criteria which distinguish habit evidence from character evidence. To prove habit in this instance, the plaintiff needed to show that the defendant's specific response to the repeated situation of falling behind or losing important racquetball points was to strike balls no longer in play, or otherwise to play outside the rules so as to endanger his opponents. The plaintiff's proffer was insufficient to prove anything other than that the defendant may have behaved in an unsportsmanlike manner; it did not prove that the defendant had a habit that caused the plaintiff's injury. We determine that the plaintiff failed to demonstrate a regular response to a specific situation.

The plaintiff argues further, however, that even if the evidence concerning the defendant's temper was character, not habit, evidence, it was admissible under either Rule 404(b) or Rule 405(b). Rule 404(b) provides that evidence of specific acts or wrongs may be admissible for purposes other than to show that the person behaved in conformity with a general character trait. The plaintiff argues that he intended to offer such evidence to show one of those other purposes; namely, absence of mistake or accident. Further, the plaintiff urges this court to adopt a different, more relaxed standard for the admission of evidence in civil cases under Rule 404(b) than the one used in criminal cases.

■ We reject the plaintiff's arguments. We address first the plaintiff's suggestion that we adopt two separate standards for the admissibility of evidence under Rule 404(b). Rule 1101(b) states that "[t]hese rules apply generally to all civil and criminal proceedings

unless otherwise provided by the constitution or statutes of the State of New Hampshire or these rules." The plaintiff cites no authority for his proposition that Rule 404(b) should be applied differently in civil rather than criminal cases, except to note that the issue of admissibility under that rule has been addressed most often in criminal cases. This argument does not convince us.

Second, we need not discuss the admissibility of evidence of the defendant's temper under Rule 404(b) because the plaintiff has failed to explain, and we fail to see, how absence of mistake or accident is relevant in this negligence action. The plaintiff only posits that the defendant lost his temper and that his act of hitting a dead ball was a "willful act." This case is not an action to recover for an intentional tort, however. Because intent is not an issue in this case, the plaintiff's argument is misplaced.

■■■■ The plaintiff's contention that evidence of the defendant's temper is admissible under Rule 405(b) is likewise without merit. Under that rule, evidence of specific instances of conduct may be admitted to prove character when character is an essential element of the claim. N.H. R. Ev. 405(b); *Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 612–13, 529 A.2d 976, 989 (1987). In this case, the defendant's character simply is not an element of the plaintiff's claim that the defendant negligently struck a racquetball which was no longer in play. *Cf. Panas supra* (specific instances of conduct admissible under Rule 405(b) where, in claim for negligent hiring and supervision of untrustworthy employee, character is an element of the claim).

Finally, the plaintiff argues that the trial court improperly prevented him from impeaching two witnesses' credibility under Rule 608(b). The testimony at issue involved the defendant's statements about whether he and his playing partner, Paul Labbee, had ever argued while playing racquetball. The defendant denied ever arguing with his partner, and Labbee later testified similarly. To impeach this denial, the plaintiff questioned the defendant on cross-examination about a match which took place eight months before the game at issue, which the defendant allegedly forfeited because Labbee walked off the court due to arguments between the two men. The defendant could not recall this game. Counsel then moved on to another topic.

When Labbee took the stand, defendant's counsel asked if he had ever argued with the defendant about racquetball. Labbee replied that he had not. On cross-examination, plaintiff's counsel began asking whether Labbee thought the defendant was excitable or emotional. Based on his ruling on the motion *in limine*, the trial

judge sustained the objection to this line of questioning and prevented further questioning concerning Sawyer's excitability and his behavior in previous racquetball matches.

The plaintiff asserts that, in contravention of Rule 608(b), the trial judge effectively prevented him from questioning the defendant and Labbee about specific instances of unsportsmanlike conduct involving forfeitures and on-court arguments. Rule 608(b) states that, in the discretion of the trial court, specific instances of conduct of the witness, if probative of truthfulness or untruthfulness, may be inquired into on cross-examination as long as they concern the witness' character for veracity or they concern the character for veracity of another witness as to which the witness being cross-examined has testified. N.H. R. Ev. 608(b). We find no abuse of discretion in the trial court's evidentiary rulings.

First, contrary to the plaintiff's assertion, he was not prevented from cross-examining the defendant concerning the alleged forfeited game. When the defendant testified that he could not remember that game, however, the plaintiff had to accept that answer. Moreover, the plaintiff was not entitled to put on witnesses, as he contends, to impeach the defendant's testimony independently. According to Rule 608(b), specific instances of conduct for the purpose of attacking witness credibility may not be proved by extrinsic evidence. N.H. R. Ev. 608(b). The trial court properly exercised its discretion.

Second, the cross-examination of Labbee did not address the forfeited game, but instead concerned questions about the defendant's general character for excitability. Such questioning was not directed to any specific incident of conduct concerning veracity. The court agreed with plaintiff's counsel that questioning about a specific event was not objectionable. Rather, as the court indicated in a colloquy at the bench, the line of questioning was about general character evidence which had properly been excluded by the ruling on the motion *in limine*.

*Affirmed.*

BROCK, C.J., did not sit; the others concurred.