Merrimack
No. 90-226

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH WHITTEY

November 6, 1991

*John P. Arnold,* attorney general (*Brian R. Graf,* assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   Following a jury trial, the defendant, Joseph Whittey, was convicted of attempted murder. *See* RSA 629:1; RSA 630:1-a. Whittey appeals his conviction, alleging that the Superior Court (*Manias, J.*) misapplied New Hampshire Rule of Evidence 509(c)(2) and, as a consequence, erroneously denied his request for discovery of a confidential informant's identity. We affirm.

The pertinent facts of this case are as follows. Whittey shot James Fortier in the neck from the foyer of Fortier's apartment on December 18, 1988. The next day, police found 12.3 grams of cocaine, a triple beam scale, a bottle of inositol, and other drug paraphernalia in Fortier's apartment. Although this paraphernalia could suggest a cocaine-selling operation, Fortier insists he is only a user of the illegal substance. Whittey pleaded not guilty to the charge of attempted murder, arguing that he visited Fortier on December 18 in order to buy cocaine from him, not to shoot him; the gun, Whittey claimed, fired accidentally.

Before trial, the defense learned that an informant told the police in September 1989 that Fortier buys half an ounce of cocaine per week. The informant, who at that point had only known Fortier since early summer 1989, thought he "may be able to buy from him." Pursuant to Rule 509(c)(2), Whittey requested discovery of the informant's identity in order to impeach Fortier's credibility at trial and to bolster Whittey's theory of defense. After concluding that the informant might be able to give testimony relevant to the issue of defendant's guilt or innocence, the trial court invoked the procedures of Rule 509(c)(2), held an *in camera* hearing, and ordered submission of affidavits. The court then balanced "the public interest in protecting the free flow of information against the individual's right to prepare his defense," and found in the State's favor: "although the

testimony of the confidential informant is arguably relevant, the Court holds that it is not essential to defendant's defense such that disclosure of the informant's identity is necessary to ensure defendant's right to a fair trial."

Whittey argues on appeal that the trial court should not have applied a balancing test to decide whether to allow discovery of the informant's identity. "[O]nce the court determines that there is a reasonable probability that the informer can give 'relevant' testimony as defined by [Rule 509(c)(2)]," Whittey contends, "the remedies set forth in Section (c)(2) are available and no further balancing of the state's interest of protecting the informant's identity is required." We disagree.

New Hampshire Rule of Evidence 509(c)(2) reads, in pertinent part:

> "If it appears in the case that an informer may be able to give testimony relevant to any issue in a criminal case relating to the defendant's guilt or innocence . . . , and the informed public entity invokes the privilege, the court shall give the public entity an opportunity to show *in camera* facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the court may direct that testimony be taken if it finds that the matter cannot be resolved satisfactorily upon affidavit. If the court finds there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose the informer's identity, in criminal cases the court on motion of the defendant or on its own motion *shall* grant *appropriate* relief, which *may* include one or more of the following: requiring the prosecuting attorney to comply; granting the defendant additional time or a continuance; relieving the defendant from making disclosures otherwise required of the defendant; prohibiting the prosecuting attorney from introducing specified evidence; and dismissing charges."

(Emphasis added.)

The balancing test referred to in the trial court's order and the parties' briefs derives from a test articulated in *Roviaro v. United States*, 353 U.S. 53, 62 (1957). The Court discussed the well-recognized prosecutor's privilege to keep an informant's identity confidential, *id.* at 59; *see also McCray v. Illinois*, 386 U.S. 300, 308–09 (1967), and stated that a

"limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. . . . We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

*Roviaro, supra* at 60–62. We have described the balancing test as the means used to determine "that point of essential need" sufficient to overcome the prosecutor's privilege. *State v. Svoleantopoulos*, 130 N.H. 471, 473, 543 A.2d 410, 411 (1988) (offense committed prior to Rule 509's effective date).

New Hampshire adopted its Rule 509(c)(2) in 1985, and as yet no case has been decided under it. New Hampshire cases decided under the common law, however, uniformly applied the balancing test articulated in *Roviaro, see State v. Ramos*, 131 N.H. 276, 279–81, 553 A.2d 275, 277–78 (1988); *State v. Svoleantopoulos, supra* at 473-75, 543 A.2d at 411-12; *State v. Berger,* 125 N.H. 83, 92–93, 480 A.2d 27, 33 (1984); *State v. Thorp*, 116 N.H. 303, 310, 358 A.2d 655, 661 (1976); and the comments following Rule 509 correctly note that "New Hampshire law is consistent with this rule." This fact is not dispositive of the case, because our common law is consistent with, and not identical to, the rule; but our common law tradition is nonetheless entitled to great weight. If the drafters of Rule 509(c)(2) intended it to diverge from established doctrine, the reporter would likely have highlighted this change. *See* N.H. R. Ev. 801 reporter's notes (noting change in law).

We next look to the origins of Rule 509(c)(2) for help in resolving our question. The comments following Rule 509(c)(2) state that "[t]his rule is identical to Uniform Rule 509." Although this statement is inaccurate in one respect, *compare* N.H. R. Ev. 509(c)(2) ("relevant to any issue in a criminal case relating to the defendant's guilt or innocence") *with* UNIFORM R. Ev. 509(c)(2) (1974) ("relevant to any issue in a criminal case"), both rules contain what we consider to be the language crucial to this case:

"If the court finds there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose the informer's identity, in criminal cases the court on motion of the defendant or on its own motion shall grant appropriate relief, which may include one or more of the following . . . ."

■ The language of the uniform rule, and of New Hampshire Rule 509(c)(2), contains only an admonition that the trial court "shall grant *appropriate* relief, which *may* include one or more of the following." The words "appropriate" and "may" present a clear call for the exercise of a trial court's discretion. *See, e.g., Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 877 (5th Cir. 1988) (Rule 11 explicitly authorizes trial court's discretion by containing word "appropriate" in language of rule); *Sierra Club v. Lujan*, 728 F. Supp. 1513, 1518 (D. Colo. 1990) ("the word 'appropriate' refers to the court's discretion in deciding whether a violation [of a rule] should be penalized and how large the penalty should be"); *State v. Pope*, 17 Wash. App. 609, 614, 564 P.2d 1179, 1181 (1977) ("the use of the words 'appropriate relief' was intended to give the superior court full use of its discretion"). Application of a balancing test to determine "appropriate" relief is well within a trial court's discretion.

In addition to the authority from our common-law tradition and the origins of Rule 509(c)(2), public policy militates in favor of upholding the trial court's application of the *Roviaro* balancing test. Acceptance of Whittey's argument against the balancing test would mean that the prosecutor's privilege would fail whenever a defendant could show that an informer's testimony is relevant to some issue relating to the defendant's guilt or innocence. Because so much unessential testimony falls under the category of "relevant," such a doctrine would eviscerate the prosecutor's privilege and seriously impede the flow of information necessary to effective police work.

Returning to the facts of this case, we hold that the trial court correctly balanced the competing interests in finding that the informant's testimony "is not essential to defendant's defense such that disclosure of the informant's identity is necessary to ensure defendant's right to a fair trial." First, the informant's testimony could not be admitted to impeach Fortier's credibility, because "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, . . . may not be proved by extrinsic evidence." N.H. R. Ev. 608(b); *see also Lapierre v. Sawyer*, 131 N.H. 609, 613, 557 A.2d 640, 643 (1989) ("the plaintiff was not enti-

tled to put on witnesses, as he contends, to impeach the defendant's testimony independently"). Second, the information contained in the informant's tip refers only to the period of June 1989 through September 1989, and not December 1988, the time of the shooting. Third, the information, if indicative of cocaine-selling in December 1988, is cumulative. The prosecution itself introduced into evidence the drug paraphernalia found in Fortier's apartment the day after the shooting, as well as testimony from Richard Osgood that Fortier was a cocaine dealer. In addition, the prosecution chose not to cross-examine Craig Scott Gifford, a defense witness who also testified that Fortier was a cocaine dealer. Fourth, the informant was neither witness to, nor participant in, the crime charged. *See State v. Ramos*, 131 N.H. at 279, 553 A.2d at 277 (applying pre-Rule 509 law).

█   In conclusion, we hold that the trial court correctly interpreted and applied New Hampshire Rule of Evidence 509(c)(2), and therefore we affirm.

*Affirmed.*

All concurred.