Hillsborough-southern judicial district
No. 95-601

JEAN M. TOWNSEND

v.

EMILE J. LEGERE D/B/A BEECHBROOK APARTMENTS

January 28, 1997

*Nixon, Raiche, Manning & Branch, P.A.*, of Manchester (*Leslie C. Nixon* and *David L. Nixon* on the brief, and *Ms. Nixon* orally), for the plaintiff.

*Scotch & Zalinsky*, of Manchester (*Barry M. Scotch* and *Henry E. Forcier* on the brief, and *Mr. Scotch* orally), for the defendant.

HORTON, J. Following a trial in Superior Court (*Arnold*, J.), the jury attributed forty percent of the fault to the plaintiff, Jean M. Townsend, for her slip-and-fall accident at an apartment complex operated by the defendant, Emile J. Legere d/b/a Beechbrook Apartments. On appeal, the plaintiff argues that the superior court erred in instructing the jury on comparative negligence because there was insufficient evidence to warrant the instruction. We agree and therefore set aside the portion of the special verdict finding comparative negligence.

On February 14, 1993, the plaintiff, a sixty-eight-year-old resident of the defendant's apartment complex, slipped and fell on a sidewalk at the complex during a morning walk with her dog. As a result of the accident, the plaintiff suffered a fractured ankle and subsequently required hospitalization. Roughly one year later, the plaintiff commenced this negligence action, alleging that the defendant failed to maintain the sidewalk in a safe condition and to guard

against the dangers associated with snow and ice. In a pretrial statement, *see* SUPER. CT. R. 62, the defendant asserted that the accident resulted from the plaintiff's inability to control her dog and from her failure to exercise due care.

At trial, the plaintiff presented evidence in support of her theory of negligence, including testimony from an expert witness that the defendant's inspection, maintenance, and treatment of the sidewalk fell below the acceptable standards for dealing with snow and ice. In an effort to prove the allegations of comparative fault at trial, the defendant relied on the following: (1) the plaintiff's testimony that a light dusting of snow covered and obscured the sidewalk on the morning of her accident; (2) the cross-examination of the plaintiff, which revealed that she weighed approximately 110 pounds and that her dog weighed roughly seventy-five pounds on the day of the accident; (3) testimony from the defendant's on-site employee that the plaintiff's dog, on other occasions, had tugged and pulled at the leash during walks with the plaintiff; and (4) a statement from the plaintiff's expert witness that slip-and-fall accidents on sidewalks can result from factors attributable to the pedestrian, rather than the sidewalk.

Over the plaintiff's objection, the trial court instructed the jury on the issue of comparative negligence. In addition, the trial court directed the jury to complete a special verdict form, which required it to determine sequentially: (1) whether the defendant was legally at fault to any degree; (2) whether the plaintiff was legally at fault to any degree; (3) the percentage of fault attributable to each party; and (4) the full amount of the plaintiff's damages without regard to any findings concerning comparative fault. In its verdict, the jury determined that the plaintiff was forty percent at fault, that the defendant was sixty percent at fault, and that the plaintiff's damages amounted to $75,000. This appeal followed.

The sole issue on appeal is whether the evidence adduced at trial was sufficient to support a jury instruction on comparative negligence. Under our comparative fault statute, "[t]he burden of proof as to the existence or amount of fault attributable to a party shall rest upon the party making such allegation." RSA 507:7-d (Supp. 1996). Although "the evidence and all reasonable inferences must be considered most favorably to the defendant" in determining the propriety of a comparative negligence instruction, *Brown v. Montgomery Ward Co.*, 109 N.H. 377, 380, 254 A.2d 840, 842 (1969) (decided under contributory negligence), some tangible evidence of the plaintiff's comparative fault must be introduced before the question can be submitted to the jury. *See Brann v. Exeter Clinic,*

127 N.H. 155, 158-59, 498 A.2d 334, 336-37 (1985); *Roberts v. Lisbon*, 84 N.H. 266, 270, 149 A. 508, 510 (1930) (decided under contributory negligence). Accordingly, "if reasonable [persons] on the evidence in the case could only reach a conclusion on a particular issue by conjecture, chance, or doubtful and unsatisfactory speculation it is the duty of the trial court to withdraw the issue from the consideration of the jury." *Ackerman v. March*, 116 N.H. 64, 66, 352 A.2d 717, 719 (1976); *see Brann*, 127 N.H. at 159, 498 A.2d at 337. Guided by these principles, we analyze whether the facts urged by the defendant constitute evidence of the plaintiff's comparative negligence.

■ Pointing to the plaintiff's testimony that a light dusting of snow obscured the sidewalk, the defendant argues that the plaintiff had a duty to use reasonable care while stepping in areas of the sidewalk that were not visible as a result of the snow. The defendant further contends that the jury could infer that the plaintiff "was not walking as carefully as she should have been under the circumstances." Although we agree that the plaintiff had a duty to exercise due care, the fatal flaw in the defendant's argument is the absence of evidence indicating that the plaintiff *breached* that duty by, for example, "not walking as carefully as she should have been under the circumstances." *See Wright v. Dunn*, 134 N.H. 669, 672, 596 A.2d 729, 731 (1991) (negligence requires proof of both duty and breach of that duty). On this point, we reject the defendant's suggestion that the jury's prerogative to disbelieve the plaintiff's testimony regarding her exercise of reasonable care could provide the defendant with evidence of the plaintiff's failure to exercise such care. "Disbelief in testimony concerning particular facts does not convert that testimony into affirmative proof of contrary facts." *Bissonnette v. Cormier*, 100 N.H. 197, 199, 122 A.2d 257, 258 (1956) (quotation omitted).

The defendant also argues that evidence concerning the size and behavior of the plaintiff's dog was sufficient to warrant the jury instruction on comparative fault. Without some evidence linking the size of the dog to the plaintiff's accident, however, we find nothing in the mere weight differential to permit the instruction. The defendant further contends that testimony from its on-site employee regarding the dog's behavior on other occasions supplied an adequate basis for connecting the dog to the plaintiff's accident. We disagree. During a bench conference concerning the plaintiff's objection to that testimony, the defendant's attorney specifically disclaimed any representation that the dog's unruliness was "constant or invariable." On direct examination, the employee, acknowl-

edging that he did not observe the plaintiff's accident, merely testified that the dog was difficult to control "from time to time." The employee further explained that he only noticed these control problems when the dog encountered people or other animals. On cross-examination, the employee stated that he only knew of two or three occasions in which the dog was unruly and conceded that the dog never caused the plaintiff to fall or otherwise lose her balance. Even considering this testimony most favorably to the defendant, we hold that it was insufficient to support the jury instruction because it could not "reasonably and properly lead the jury . . . to conclude that the allegation of negligence [was] sustained." *Brann*, 127 N.H. at 158, 498 A.2d at 336 (quotation omitted); *cf. Lapierre v. Sawyer*, 131 N.H. 609, 611, 557 A.2d 640, 641-42 (1989) (evidence of two or three previous instances of defendant's unsportsmanlike manner not probative of allegation that defendant's unsportsmanlike behavior caused plaintiff's injury).

■ Finally, the defendant claims that the plaintiff's expert witness supplied evidence of the plaintiff's negligence. We find this argument unconvincing because the expert merely acknowledged, in response to questions concerning potential causes of sidewalk falls in general, that an accident could result from a failure attributable to the pedestrian. This unremarkable "concession" regarding abstract possibilities could not provide the basis for a ruling against the plaintiff on the issue of comparative fault. *See Manor v. Gagnon*, 92 N.H. 435, 437-38, 32 A.2d 688, 691 (1943) (decided under contributory negligence).

■ After considering the facts urged by the defendant both individually and collectively, we adhere to well-settled law in holding that the jury should not have been instructed on the issue of comparative negligence: "If the plaintiff was negligent, the defendant was bound to prove it. In the absence of evidence, the mere possibility, which exists in every case, that the plaintiff may have been guilty of negligence, cannot be made the basis of a ruling against [her]." *Demers v. Becker*, 91 N.H. 519, 520-21, 23 A.2d 375, 376 (1941) (decided under contributory negligence).

Because the special verdict form indicates that the jury's determination concerning the plaintiff's damages was independent of the findings regarding comparative fault, we conclude that the plaintiff is entitled to recover damages in the amount of $75,000. We remand to the superior court for entry of an appropriate judgment.

*Verdict set aside in part; remanded.*

All concurred.