# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0376, <u>Marcella Paul-Roc & a. v. Matthew Demio</u>, the court on June 29, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Marcella Paul-Roc (passenger) and Marie Paul-Roc (driver), appeal a verdict, following a jury trial in Superior Court (<u>Nadeau</u>, J.), in favor of the defendant, Matthew Demio, on their negligence claims arising out of an automobile collision. They contend that the trial court erred by: (1) denying a motion <u>in</u> <u>limine</u> in which they sought to preclude the defendant from asserting at trial that the collision could not have caused the passenger's injuries; (2) allegedly disallowing them from using a diagram drawn by the defendant during his deposition, which had been admitted as evidence, during their cross-examination of the defendant and closing argument at trial; and (3) granting, in part, the defendant's motion for costs and denying the plaintiffs' motion to hold the order regarding costs "in abeyance." We assume, without deciding, that these issues are preserved.

We first address whether the trial court erred by denying the plaintiffs' motion <u>in</u> <u>limine</u>. We review the trial court's decision for an unsustainable exercise of discretion. <u>See</u> <u>Stachulski v. Apple New England</u>, LLC, 171 N.H. 158, 163 (2018). In determining whether the trial court unsustainably exercised its discretion, we consider whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment. <u>Petition of Second Chance Bail Bonds</u>, 171 N.H. 807, 813 (2019). To show that the trial court's decision was not sustainable, the plaintiffs must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of their case. <u>Id</u>.

In this case, the plaintiffs contend that the defendant was required to produce an expert witness to support his claim that the parties' collision was "an extremely low-impact incident" in which "[t]he vehicles were barely moving," and that the passenger "was not injured as a result of this accident." However, the plaintiffs, not the defendant, carried the burden of establishing causation. <u>Yager v. Clauson</u>, 169 N.H. 1, 5 (2016). The plaintiffs' reliance upon <u>Townsend v. Legere</u>, 141 N.H. 593 (1997), is unfounded because, in that case, the defendant sought a jury instruction regarding comparative fault, an issue on which the defendant bore the burden of proof. <u>Id</u>. at 594. Similarly,

their reference to Davis v. Maute, 770 A.2d 36 (Del. 2001), is unavailing because: (1) in that case, defense counsel's argument violated a court order; and (2) the Delaware Supreme Court subsequently limited Davis to its specific facts, Eskin v. Carden, 842 A.2d 1222, 1233 (Del. 2004); see also Fagnant v. Foss, 82 A.3d 570, 577 (Vt. 2013) (withdrawing earlier opinion on which plaintiffs rely).

The jury was not obligated to accept the plaintiffs' expert's testimony. See N.H. Fish & Game Dep't v. Bacon, 167 N.H. 591, 596 (2015) (stating that trial court may accept or reject, in whole or in part, expert testimony). Furthermore, the trial court correctly observed that the defendant could present evidence through cross-examination sufficient to support his argument, based on common experience, that the collision's impact was too minimal to cause the passenger's complaints. Upon this record, we conclude that the trial court's decision to deny the plaintiffs' motion in limine was not unreasonable or untenable. See Stachulski, 171 N.H. at 163.

We next address whether the trial court erred by allegedly restricting the plaintiffs' use of a diagram the defendant drew during his deposition, which had been admitted as evidence. The plaintiffs argue that the trial court "precluded" them from using the diagram during the defendant's cross-examination and their closing argument. We review the trial court's evidentiary decisions and rulings on the scope of permissible closing arguments for unsustainable exercises of discretion. See State v. Breest, 169 N.H. 640, 651 (2017); State v. Collins, 168 N.H. 1, 6 (2015).

The record reflects that the plaintiffs employed the diagram, without objection, during the defendant's cross-examination. The defendant objected only when the plaintiffs' counsel asked, "And if you're [the plaintiff driver], and you're in this car, and . . . she's looking over her right shoulder, she can't see you?" The trial court sustained the objection on the basis that the question was speculative, after which the plaintiffs' counsel continued to refer to the diagram. The defendant subsequently objected to two other questions that similarly relied upon the diagram for context, but did not object to the plaintiffs' use of the diagram itself.

The record reflects that the plaintiffs' counsel also used the diagram in his closing argument, without objection, to argue that the diagram showed that "if [the defendant] looked over his right shoulder, he should have seen [the plaintiffs' vehicle, a]nd . . . he should have stopped. If he didn't look over his right shoulder, he wasn't being careful. He's negligent either way." The defendant objected only when the plaintiffs' counsel began to hypothesize about "what a lot of people do" when backing out of a parking space with a vehicle parked on the right. The trial court sustained the objection on the basis that the argument was speculative and unsupported by expert testimony "that that's what happened or that some people do that."

The defendant did not otherwise object to the plaintiffs' use of the diagram during their closing argument.  In fact, the plaintiffs' counsel apparently continued to rely upon the diagram to support his subsequent argument that the defendant's account of the accident had changed.  Upon this record, we conclude that the trial court did not unsustainably exercise its discretion by restricting the plaintiffs' use of the diagram during the defendant's cross-examination or their closing argument.

Finally, we address whether the trial court erred by awarding costs and by not staying its order.  The superior court, "in its discretion, may allow" certain specific costs and "other costs including, but not limited to, actual costs of expert witnesses, if the costs were reasonably necessary to the litigation."  Sup. Ct. Civ. R. 45(b).  In this case, the defendant sought $2,405.06 in total costs, and, over the plaintiffs' objection, the trial court granted him $1,879.60 in costs.

The defendant moved for costs prior to the plaintiffs' appeal.  See Super. Ct. R. 45.  However the trial court's order was not issued until after the plaintiffs filed their notice of appeal.  See Jesurum v. WBTSCC Ltd. P'ship, 169 N.H. 469, 482 (2016) (holding that, because defendants filed appeal before trial court had ruled on motion for reconsideration of denial of attorney's fees, appeal was premature and trial court had jurisdiction to rule on motion notwithstanding appeal); cf. Van Der Stok v. Van Voorhees, 151 N.H. 679, 681 (2005) (holding that plaintiff properly waited for all issues in case, including request for attorney's fees, to be finally decided before taking appeal).  Only then did the plaintiffs move to have the order held "in abeyance" until the appeal was decided and move in this court to add the costs issues to this appeal.  See Jesurum, 169 N.H. at 482 n.6 (observing that, although appeal was premature, that did not prevent us from deciding case because:  (1) we later granted request to add attorney's fee issue on appeal; (2) case had been fully briefed and argued; and (3) plaintiff showed no prejudice).

The plaintiffs fail to develop their argument that the amount of costs awarded exceeded the trial court's authority by not articulating why certain costs were improperly allowed.  See State v. Blackmer, 149 N.H. 47, 49 (2003).  They argue that the trial court erred by denying their motion to hold the order "in abeyance."  However, by filing their appeal and adding the costs issues to it, the order was effectively stayed as a matter of law.  See Gray v. Kelly, 161 N.H. 160, 167-68 (2010).  The record does not reflect that the trial court ordered the payment of costs by any date prior to the conclusion of this appeal, and the plaintiffs do not assert that they were found in contempt for failing to pay costs during the pendency of this appeal.  Finally, by this order, we have upheld the award of costs, effectively rendering moot any claim that, by denying the motion to hold costs in abeyance, the trial court necessarily compelled the

3

plaintiffs to pay the costs award prematurely.  See In the Matter of O'Neil & O'Neil, 159 N.H. 615, 624 (2010).

Affirmed.

Bassett and Hantz Marconi, JJ., concurred; Abramson, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Timothy A. Gudas,**
**Clerk**